IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Michael Kevin McFarland, #266870, ) | |
| ) | Civil Action No. 6:07-0588-TLW-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Warden, Lieber Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND OF THE CASE

The record reveals that the petitioner is currently confined to Lieber Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Clerk of Court for Cherokee County. The Cherokee County Grand Jury at the May 2000 term indicted the petitioner for (1) third degree burglary ("burglary 3rd") (00-GS-11-0397), (2) third degree burglary (00-GS-11-0398), (3) first degree burglary ("burglary 1st") (00-GS-11-0474), and (4) second degree arson (00-GS-11-0475).

The petitioner was represented at the trial level by attorney Thomas Shealy. On June 1, 2000, the petitioner entered guilty pleas to the above-listed offenses before the

Honorable Lee S. Alford. The State recommended a cap of 30 years on the burglary 1st in return for the plea. However, during the plea, the petitioner claimed he did not remember setting the fire, and although the plea to arson was supposed to be an *Alford* plea, the judge found the petitioner's statements too vague and refused to accept the plea as to that charge. Judge Alford then sentenced the petitioner to 20 years for burglary 1st and concurrent five-year terms for each of the burglary 3rd charges.

On June 14, 2000, attorney Shealy filed with the South Carolina Court of Appeals a notice of appeal, motion to enlarge time to file a criminal appeal, and supporting affidavit. The State filed a motion to dismiss appeal on June 20, 2000, in which it asserted the notice of appeal was untimely. The South Carolina Court of Appeals granted the State's motion to dismiss the appeal by order dated July 6, 2000, and denied the motion to enlarge time by order dated July 7, 2000.

The petitioner next filed a *pro se* application for post-conviction relief ("APCR") on January 25, 2001 (2001-CP-11-0064), in which he asserted the following issues (verbatim):

    (1)    Ineffective assistance of counsel

    (2)    Plead was not freely and voluntary

    (3)    I was under the influence of narcotics

The petitioner also filed a *pro se* amended application on August 14, 2002, in which he asserted the following issues (verbatim):

    (1)    Counsel was ineffective for failure to do a proper and factual legal investigation.

    (2)    Counsel was ineffective for failure to suppress evidence as fruits) the poisonous tree.

    (3)    Counsel was ineffective for failure to inform applicant prior to his guilty plea that this statement may have been involuntarily and , if so, would be inadmissible at trial.

>    (4)    Counsel was ineffective for failure to raise a forth Amendment claim.
>
>    (5)    Counsel was ineffective for failure to object to the Payton violation, when police entered without a warrant in applicant's residence. See Payton v. New York 1005.ct. 1371
>
>    (6)    Counsel was ineffective for failure to object to the perjured testimony of the victim and the victim witness, Marcus Ellenburg.
>
>    (7)    Counsel was ineffective for not explaining waiver indictment not presented to the Grand jury.

The State filed a return dated August 14, 2002. That was followed by another pro se amended application filed on September 12, 2002, in which the following issues were raised (verbatim):

>    (1)    Subject Matter-Jurisdiction:
>
>    (2)    4th Amendment violation: (fruit of the poisonous tree)
>
>    (3)    Involuntary Plea:

An evidentiary hearing in the petitioner's APCR was held on January 12, 2004, before the Honorable J. Derham Cole. The petitioner was present and represented by attorney Ricky Harris. The petitioner called himself to testify; the State called guilty plea counsel. On March 16, 2004, Judge Cole filed an order of dismissal with prejudice rejecting the petitioner's claims, and specifically finding that the petitioner knowingly and voluntarily waived his right to a direct appeal.

The petitioner filed a *pro se* notice of appeal with the South Carolina Supreme Court from Judge Cole's order of dismissal. Assistant Appellate Defender Eleanor Duffy Cleary of the South Carolina Office of Appellate Defense was appointed to represent the petitioner in his PCR appeal. On November 15, 2004, Duffy filed a petition for writ of certiorari in which she raised the following issue on behalf of the petitioner:

3

> Whether the PCR court erred in finding that petitioner was not entitled to a belated direct appeal for his guilty plea where petitioner asked his plea counsel to file a notice of intent to appeal and where counsel failed to because he was on vacation.

As a direct appeal issue, Duffy set forth the following:

> Whether petitioner's guilty plea failed to comply with the mandates set forth in Boykin v. Alabama?

The State filed a return to the petition for writ of certiorari on March 29, 2005. By order dated December 20, 2005, the case was transferred to the South Carolina Court of Appeals. On March 13, 2006, that court issued an opinion dismissing the appeal after conducting belated direct review. *McFarland v. State*, Unpub. Op. No. 2006-UP-152 (S.C. Ct. App. March 13, 2006).[1] The remittitur was sent down on March 26, 2006.

In his petition now before this court, the petitioner raises the following grounds for relief:

> (1) Counsel was ineffective for failing to file an appeal; and
>
> (2) Guilty plea was involuntarily and unintelligently entered and Court erred in accepting plea for burglary which was contrary to § 16-11-10.

On August 29, 2007, the respondent filed a motion for summary judgment. By order filed August 31, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. When the petitioner failed to respond, the court entered a second order on October 22, 2007, giving

---

[1] The conducting of belated direct review appears to be in error, as the opinion finds "sufficient evidence to support the PCR judge's finding that the petitioner did *not* knowingly and intelligently waive his right to a direct appeal," when in fact the PCR judge found the petitioner *did* waive his right to appeal. (Emphasis added). There was no petition for rehearing filed to correct this obvious mistake. The opinion expressly goes on to grant belated direct review and then reject any direct appeal issues, which has had the effect of saving the petitioner from a limitations issue under the AEDPA. *See Frasch v. Peguese*, 414 F.3d 518 (4th Cir. 2005) (limitations period did not start to run until after completion of belated direct review granted by state court in collateral attack).

4

the petitioner through November 15, 2007, to respond. When the petitioner again failed to respond, this court recommended on November 21, 2007, that the case be dismissed for failure to prosecute. On December 14, 2007, the petitioner filed objections to the report and recommendation, which was construed by the District Court as a response to the motion for summary judgment. Accordingly, on February 6, 2008, the Honorable Terry L. Wooten, United States District Judge, remanded the case to this court for consideration of the motion for summary judgment.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

**ANALYSIS**

*Ground One*

In ground one, the petitioner alleges that his guilty plea counsel was ineffective for failing to file a direct appeal. Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him, *i.e.* "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Finally, the Court in *Strickland* held that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies," and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* at 697. Review of counsel's performance is "highly deferential." *Id.* at 689. With respect to guilty plea counsel, a petitioner must show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

As noted above, the petitioner pleaded guilty on June 1, 2000. On June 14, 2000, after the 10-day period for direct appeal expired, the petitioner's guilty plea counsel filed with the South Carolina Court of Appeals a notice of appeal, a motion to enlarge time to file a criminal appeal, and a supporting affidavit. In the supporting affidavit, the petitioner's counsel attested that the petitioner did not request an appeal despite being asked at the time of the plea, and subsequently counsel went on a week-long vacation. Guilty plea counsel returned to his office on June 12, 2000, and on June 13, 2000, he received a letter from the petitioner dated June 3, 2000, in which he requested that counsel

6

file an appeal (App. 84-85). The State filed a motion to dismiss the appeal asserting the notice of appeal was untimely. The South Carolina Court of Appeals denied the motion to enlarge and dismissed the appeal.

At the PCR hearing, the petitioner claimed he was unaware of his right to appeal until he got to jail after the plea. The petitioner stated he wrote to counsel requesting an appeal, but counsel wrote back later saying he told the petitioner he was going on vacation after the plea. The petitioner denied that counsel told him about the vacation at the time of the plea. (App. 53-54). Guilty plea counsel testified that he explained the 10-day requirement for filing a notice of appeal prior to the plea, and he told the petitioner at the time of sentencing that he was going on vacation the next week. The petitioner did not ask counsel to appeal at sentencing, and indeed counsel did not see any valid basis for an appeal. Counsel noted he tried to perfect an untimely appeal by filing the motion, which was denied. (App. 63; 69-73; 75-76). Citing *Roe v. Flores-Ortega,* 528 U.S. 470[2] (2000), the PCR court found that guilty plea counsel was not required to appeal as there was no non-frivolous ground to appeal and because the petitioner was advised of his right to appeal but failed to timely request one (App. 93-94). On PCR appeal, the state

---

[2] In *Roe*, the United States Supreme Court held:

> We . . . hold that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Roe v. Flores-Ortega,* 528 U.S. 470, 480 (2000) (citations omitted).

7

court appeals found, in what appears to be a typographical error, that there was "sufficient evidence to support the PCR judge's finding that Petitioner did *not* knowingly and intelligently waive his right to direct appeal." *McFarland v. State*, No. 2006-UP-152 (S.C. Ct. App., March 13, 2006) (emphasis added). The court went on to grant certiorari and conduct a belated *Anders* direct review, but the court found no issue of arguable merit and dismissed the appeal. *Id.*

The respondent contends that the petitioner's claim that his counsel was ineffective for failing to file a timely direct appeal fails for the simple reason that the state court of appeals granted him and conducted a belated direct review. This court agrees.[3] Furthermore, the petitioner has not identified any viable direct appeal issue from his guilty plea that would have had any chance of succeeding. Even assuming that his guilty plea counsel's performance was deficient, the petitioner has suffered no prejudice. Accordingly, the claim fails.

***Ground Two***

In ground two, the petitioner alleges that his guilty plea to the first degree burglary was involuntarily and unintelligently entered and the court erred in accepting his plea because the building he entered was not a "dwelling house" for purposes of South Carolina Code Annotated § 16-11-10.

The respondent argues that the claim is procedurally barred from review in federal habeas corpus. If a petitioner before a federal district court fails to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in state courts. In such a case, a federal district court is barred from considering the habeas claim absent a showing of cause

---

[3] Notably, in his belated opposition to the respondent's motion for summary judgment, the petitioner does not address this ground for relief.

8

and actual prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice, as the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907, 916 (4th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

While the petitioner raised claims of involuntary plea at the PCR hearing, his contentions there regarded: (1) his assertion that guilty plea counsel did not explain waiver of presentment of the indictment (App. 49-51; 53); (2) the assertion that guilty plea counsel told him he would get a life sentence if he did not plead guilty (App. 50); (3) the assertion that guilty plea counsel did not explain to him that he could challenge the voluntariness of his confession to police based on the fact that he was high on drugs (App. 51-52); (4) the assertion that he was not allowed to see the evidence against him (App. 54-55); and (5) the assertion that 20 years was too long a sentence, because he did not steal anything from the house but merely went in there to smoke crack and drink beer (App. 55).

At no time in PCR did the petitioner raise the claim he raises now – that his plea was involuntary because the building he entered allegedly was not a "dwelling house" sufficient for a finding of first degree burglary. The petitioner claims he did present this issue to the state's highest court in a petition for habeas corpus in the state supreme court's original jurisdiction, which was filed on May 5, 2006, and denied on May 24, 2006 (pet. 5, 7-8). The petitioner submitted a copy of the South Carolina Supreme Court's order, in which the court stated, "Because petitioner has not shown that 'there has been a violation which, in the setting, constitutes a denial of fundamental fairness shocking to the universal sense of justice,' the petition is denied. *Simpson v. State*, 329 S.C. 43, 495 S.E.2d 429 (1998)" (pet. att. 4, doc. no. 19).

The petitioner's filing is an insufficient mechanism for review on the merits such that it would properly present the issue to the state's highest court. In its order

9

denying the petitioner's petition, the court quoted *Simpson v. State*, 495 S.E.2d 429 (S.C. 1998), in which the court stated:

> Under art. 5, § 5 of the South Carolina Constitution, this Court retains the ability to entertain writs of habeas corpus in our original jurisdiction and grant relief in those unusual instances where "there has been a violation which, in the setting, constitutes a denial of fundamental fairness shocking to the universal sense of justice." *Butler v. State*, 302 S.C. 466, 397 S.E.2d 87 (1990); *see also Simmons v. State*, 322 S.C. 49, 471 S.E.2d 455 (1993); *Key v. Currie*, *supra* (this Court will exercise its original jurisdiction where there is an extraordinary reason such as a question of significant public interest or an emergency).

*Id.* at 421. In *Key v. Currie,* 406 S.E.2d 356 (S.C. 1991)*,* cited in *Simpson*, the court noted that although it retained the power to issue extraordinary writs, its primary function was as an appellate court. Thus, it concluded: "Only when there is an extraordinary reason such as a question of significant public interest or an emergency will [the South Carolina Supreme Court] exercise its original jurisdiction." *Key*, 406 S.E.2d at 357. Therefore, if an action such as the petitioner's state habeas is rejected under *Simpson* and *Key*, the issues have not been considered by the state supreme court, and thus the state habeas is an insufficient vehicle for properly presenting issues to the state's highest court to preserve them for later federal review. *Cf. Ylst v. Nunnamaker*, 501 U.S. 797, 802-806 (1991) (use of "dismiss" can indicate application of procedural bar).

This very conclusion was reached in *Wilson v. Moore*, 178 F.3d 266 (4th Cir. 1999). In *Wilson*, the inmate attempted to circumvent the rule against successive APCR actions by filing the claims in a state habeas. The South Carolina Supreme Court "denied" the state habeas in a one-sentence order. The Fourth Circuit Court of Appeals ruled that the state court had not considered the state habeas on the merits in part because of the "extraordinary reason" standard in *Key* and the lack of any extraordinary issues in the inmate's state habeas petition. *Wilson*, 178 F.3d at 274-79. *See also Koon v. South*

10

*Carolina Department of Corrections*, Nos. 93-6391 and 93-6622, 1993 WL291 291716, *1 (4th Cir. 1993) (unpublished) (state habeas action dismissed pursuant to *Key v. Currie* was insufficient to satisfy the exhaustion requirement); *Durkin v. Davis*, 538 F.2d 1037, 1041-1042 (4th Cir. 1976) (a petition filed in the original jurisdiction of a state's highest court does not satisfy the exhaustion requirement of 28 U.S.C. § 2254(b)).

Based upon the foregoing, the petitioner's submission of issues to the South Carolina Supreme Court in an original jurisdiction state habeas action is insufficient to overcome application of the procedural bars. The petitioner has failed to show cause and actual prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice. Accordingly, this ground is procedurally barred from review.

Even if the allegation was not procedurally barred, this court finds the issue is without merit. The crime of burglary in the first degree requires in part that the perpetrator "enter a dwelling without consent and with intent to commit a crime in the dwelling." S.C. Code Ann. § 16-11-311. South Carolina Code Section 16-11-10 defines "dwelling" for burglary purposes as "any house . . . in which there sleeps a proprietor, tenant, . . . or person who lodges there with a view to the protection of property."

The petitioner argues that the house he entered was not a dwelling because the alleged victim did not live in the house and his last tenant had left about 1½ years before the crime. However, according to the victim's interview form, submitted by the petitioner in support of his opposition to the motion for summary judgment, the victim had renovated the home for a new tenant who intended to live in the home. He stated in pertinent part:

> For the last month I have had Stanley Stroud renovating the house for a new tenant. He was going to move in the house and buy it. He has painted the house inside, new ceiling fans, replaced doors, entrance and inside, repaired roof, new wiring done . . ., replaced some windows.

11

(Pet. opp. m.s.j., ex. 1).  In a recent South Carolina Court of Appeals case, the court held that a vacation home that the owners had not occupied for three years was a "dwelling" for purposes of a burglary in the first degree charge.  The court noted that while the house was currently being used for storage, the house was "ready to be lived in" and the occupant had the intention to return.  *State v. Evans,* No. 4332, 2008 WL 179272, **2-3 (S.C. Ct. App. January 16, 2008).  It is not necessary that a dwelling house constantly be inhabited every day; it is enough that the inhabitants left with the intention of returning.  *State v. White*, 562 S.E.2d 305, 306 (S.C. 2002).  In this case, an identifiable occupant intended to occupy the home entered by the petitioner.  The petitioner has failed to show that his guilty plea counsel was deficient or that he has been prejudiced.  Accordingly, the claim fails.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment be granted.

s/William M. Catoe
United States Magistrate Judge

February 7, 2008

Greenville, South Carolina